# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 247

Jerome Wesseh Koon, Jr.,                              Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

## No. 20230139

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant.

Jason Van Horn, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

**Tufte, Justice.**

[¶1]   Jerome Wesseh Koon, Jr., appeals from a district court judgment denying his application for postconviction relief. He argues the district court erred in denying his application and committed reversible error by considering evidence outside the record. We affirm the judgment.

I

[¶2]   Jerome Koon was convicted by a jury of reckless endangerment, tampering with physical evidence, unlawful possession of a firearm, and terrorizing as a result of a shooting in Fargo in January 2021. Koon appealed the criminal judgment, challenging the sufficiency of evidence, and we summarily affirmed. *State v. Koon*, 2022 ND 142, 977 N.W.2d 740.

[¶3]   Koon filed an application for postconviction relief. An evidentiary hearing was held on March 10, 2023. Trial counsel and Koon testified. After the hearing, the district court issued a notice of intent to take judicial notice of the clerk's trial notes to determine whether Koon was present in the courtroom when the parties discussed a jury question. Koon objected. The district court did not take notice of the clerk's notes. The court denied Koon's application for postconviction relief.

II

[¶4]   Koon argues the district court committed reversible error by considering evidence outside the record.

[¶5]   Koon argues he was not present for a question from the jury on October 11. The October 11 transcript does not explicitly note Koon's presence while addressing the jury question. At the evidentiary hearing, Koon testified, "Yes, I believe they called me into the courtroom when a question was presented." He later stated he could not remember. Finally, after refreshing his recollection with the transcript, and in response to prompting from his counsel, Koon stated, "No, I don't think I was there."

1

[¶6]   After the hearing, the district court provided notice under N.D.R.Ev. 201(c)(1) of the court's intent to take judicial notice of the clerk's trial notes recorded in the trial court case management system in the underlying criminal case, stating, "On the record with counsel and Defendant present; Parties discuss jury question" at 1:28 on October 11, 2021. The court cited N.D.R.Ev. 201(b)(2) as authority. The court sought any objection from the parties.

[¶7]   Koon objected, arguing the "record is disputed by Mr. Koon and the official transcript of the proceeding, it is hearsay without an exception, and lacks both foundation and authentication." The State responded, citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967), explaining "any information which the court finds acceptable as establishing what the official record is, may provide the basis for judicial notice of the court's records."

[¶8]   The district court's findings on the disputed fact of Koon's presence or absence explained that it had not relied on the clerk's trial notes:

> During deliberations on the fifth day of trial, Koon was held in a holding cell at the courthouse. As Koon initially, and most credibly, testified, Koon was brought into the courtroom when the jury question was discussed at approximately 1:30 p.m. that day. The Court thus does not deem it necessary to take judicial notice of the clerk's trial notes.

A

[¶9]   Rule 201, N.D.R.Ev., governs judicial notice of adjudicative facts. N.D.R.Ev. 201(a). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." N.D.R.Ev. 201(b). "The court may take judicial notice at any stage of the proceeding." N.D.R.Ev. 201(d). "[A] party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." N.D.R.Ev. 201(e).

2

[¶10] We have explained the notice requirement is paramount. *Atkins v. State*, 2021 ND 83, ¶ 10, 959 N.W.2d 588 (explaining a court may take judicial notice under Rule 201 of prior postconviction proceedings but must give the applicant notice and an opportunity to respond before summarily dismissing the application on the basis of matters outside the record); *see also Chisholm v. State*, 2014 ND 125, ¶ 12, 848 N.W.2d 703 (explaining in a postconviction relief proceeding a court may consider matters outside the pleadings but it was reversible error to grant summary disposition when the applicant was not provided with notice and an opportunity to present evidence supporting his claims); *Overlie v. State*, 2011 ND 191, ¶ 12, 804 N.W.2d 50; *Wong v. State*, 2010 ND 219, ¶ 13, 790 N.W.2d 757.

[¶11] We review a district court's decision to take judicial notice under an abuse of discretion standard. *Orwig v. Orwig*, 2021 ND 33, ¶ 6, 955 N.W.2d 34. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶12] The district court followed the procedure of Rule 201, N.D.R.Ev., providing notice to the parties of its intent to judicially notice the clerk's trial notes. Both parties briefed the issue. The court ultimately found it is not "necessary to take judicial notice of the clerk's trial notes." The district court explained it had not considered the clerk's trial notes in making its findings. Under these circumstances, the court's examination of its own records, including records not published in the public docket, was within the scope of exercising its discretion to take judicial notice on its own motion. This situation is analogous to any situation where the court is exposed to evidence it concludes is inadmissible. The court's mere exposure to inadmissible evidence is not error, because we presume the court considers only admissible evidence. *See Senger v. Senger*, 2022 ND 229, ¶ 16, 983 N.W.2d 160. The court did not misinterpret or misapply the law. The district court did not abuse its discretion.

3

## B

[¶13] Koon argues he was denied his due process right to a fair and impartial factfinder because the district court conducted its own investigation. We disagree.

[¶14] We have explained a fair trial in a fair tribunal is a basic requirement of due process:

> Concededly, a "fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136 (1955). This applies to administrative agencies which adjudicate as well as to courts. *Gibson v. Berryhill,* 411 U.S. 564, 579 (1973). Not only is a biased decisionmaker constitutionally unacceptable but "our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison, supra,* 349 U.S., at 136; *cf. Tumey v. Ohio,* 273 U.S. 510, 532 (1927). In pursuit of this end, various situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable. Among these cases are those in which the adjudicator has a pecuniary interest in the outcome and in which he has been the target of personal abuse or criticism from the party before him.

*Mun. Servs. Corp. v. State By & Through N. Dakota Dep't of Health & Consol. Lab'ys*, 483 N.W.2d 560, 562 (N.D. 1992).

[¶15] "At a minimum, [due process] requires the proceedings be overseen by an impartial fact-finder." *Dunn v. N. Dakota Dep't of Transp.*, 2010 ND 41, ¶ 12, 779 N.W.2d 628. "A fact-finder is not impartial if the fact-finder prejudges the case, if the fact-finder harbors an actual bias towards a participant or if a high probability exists the fact-finder harbors bias towards a participant." *Id.* Koon does not argue the district court prejudged the case, the court harbors actual bias towards Koon, or a high probability exists the court harbors actual bias against Koon. Instead, Koon, relying on *State v. Dorsey*, 701 N.W.2d 238, 250 (Minn. 2005), argues reversible error results when a judge, sitting as the factfinder, conducts his own investigation into the accuracy of a witness statement. Koon's reliance on *Dorsey* is misplaced.

4

[¶16] In *Dorsey*, the district court made findings of fact based on evidence it investigated, and brought into the record by judicially noticing it without objection. 701 N.W.2d at 243. Here, the court reviewed its own record and took the proper steps to judicially notice the clerk's notes to the parties. *See Orwig*, 2021 ND 33, ¶ 9 ("It was not error for the court to review the file in the current case before trial."). As discussed above, here the district court properly provided notice and an opportunity to be heard under N.D.R.Ev. 201 before declining to take judicial notice of the clerk's notes.

[¶17] To the extent Koon argues the district court's review of the clerk's notes automatically created a biased factfinder, we have consistently acknowledged a judge is capable of distinguishing between admissible and inadmissible evidence when deliberating the ultimate question. We have explained, in the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. *Senger v. Senger*, 2022 ND 229, ¶ 16. "In a bench trial, it is presumed the district court only considered competent evidence because a judge, when deliberating the ultimate decision, is capable of distinguishing between admissible and inadmissible evidence." *Id*. The finding here turned on which of Koon's conflicting statements was more credible. *See Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369 (citations omitted) ("In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct."). The court's review of the clerk's notes stored in the court's computer system prior to disregarding them and making a finding in reliance on other evidence does not establish bias. *Dittus v. N. Dakota Dep't of Transp.*, 502 N.W.2d 100, 103-04 (N.D. 1993) (explaining advance knowledge of adjudicative facts that are in issue is not alone a disqualification for finding those facts, but a prior commitment may be).

[¶18] Koon received a fair proceeding overseen by an impartial factfinder.

III

[¶19] Koon argues that because he received ineffective assistance of counsel, the district court erred by denying his application for postconviction relief.

5

[¶20] "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. The applicant bears the burden of establishing grounds for postconviction relief." *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718 (citations omitted). This Court reviews district court orders on applications for postconviction relief as follows:

> When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.

*Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195 (citations omitted).

[¶21] Our review of a claim of ineffective assistance of counsel is well established:

> To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal.

*Kratz v. State*, 2022 ND 188, ¶ 12, 981 N.W.2d 891 (cleaned up) (explaining the *Strickland* test).

[¶22] "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Thomas v. State*, 2021 ND 173, ¶ 17, 964 N.W.2d 739; *Rourke v. State*, 2018 ND 137, ¶ 6, 912 N.W.2d 311 (citations omitted) ("Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."). "To establish the second prong, the defendant must specify how and where trial counsel was

6

incompetent and the probable different result. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

[¶23] The district court found Koon failed to establish there was a reasonable probability that the result of trial would have been different. The district court's findings are supported by the record. Koon has not shown prejudice. Under our standard of review, the court did not clearly err in finding Koon failed to show a reasonable probability of a different outcome.

IV

[¶24] We affirm the judgment.

[¶25] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr