# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 100

Heidi Holm,

Plaintiff and Appellee

v.

Joshua Holm,

Defendant and Appellant

## No. 20240246

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Erin L. Melling, Hettinger, ND, for plaintiff and appellee.

Thomas F. Murtha IV, Dickinson, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Joshua Holm appeals from a district court judgment and orders. On appeal, Joshua Holm argues the court erred by not awarding him attorney's fees when it denied Heidi Holm's motion to compel; by finding he failed to timely file his answer brief to Heidi Holm's second motion to compel; and by not establishing a marital assets and debts valuation date sixty days before the initially scheduled trial date. Joshua Holm also argues the court abused its discretion in valuing the contents of his safe; by not accepting his testimony as to the value of an asset; and by determining a truck was marital property. Finally, Joshua Holm asserts the court's division of the marital estate was inequitable. We affirm.

I

[¶2]   Joshua Holm and Heidi Holm were married in June 2021. Heidi Holm commenced a divorce action in April 2023. The parties have no children.

[¶3]   In September 2023, Heidi Holm filed a motion to compel. The district court denied the motion. The court also denied Joshua Holm's request for attorney's fees under N.D.R.Civ.P. 37(a)(5)(B).

[¶4]   In November 2023, Heidi Holm filed a second motion to compel, which the district court granted. The court found Joshua Holm did not provide a complete, timely response to the discovery requests and awarded attorney's fees to Heidi Holm. Joshua Holm contested the award. After a hearing, the court upheld its decision and ordered Joshua Holm to pay the attorney's fees.

[¶5]   Following a two-day trial, the district court divided the marital assets and debts and entered judgment. The court set a valuation date of sixty days before the first day of trial.

## II

[¶6]  Rule 28(b)(7)(B)(i), N.D.R.App.P., requires the appellant's brief contain "a concise statement of the applicable standard of review[.]" Joshua Holm's brief does not identify, explain, or apply the applicable standard of review for many of the issues he raises. "Appellate rules must be complied with and treated respectfully." *State v. Roller*, 2024 ND 180, ¶ 19, 11 N.W.3d 864 (quoting *State v. Wiese*, 2024 ND 39, ¶ 7, 4 N.W.3d 242). We caution parties that this Court may summarily affirm judgments and orders when briefs do not meet the minimum requirements of the North Dakota Rules of Appellate Procedure. N.D.R.App.P. 35.1(a)(8).

## III

[¶7]  This Court reviews a district court's decision whether to grant an order to compel under the abuse of discretion standard; we review the "factual findings supporting the decision, including whether a party, in good faith, attempted to confer, under the clearly erroneous standard." *Meuchel v. Red Trail Energy, LLC*, 2024 ND 44, ¶ 19, 4 N.W.3d 203. "The court abuses its discretion 'when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.'" *Id*. ¶ 15 (quoting *Don's Garden Ctr., Inc. v. Garden Dist. Inc.*, 2024 ND 25, ¶ 10, 2 N.W.3d 646). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made." *Fercho v. Fercho*, 2022 ND 214, ¶ 24, 982 N.W.2d 540 (quoting *Eberle v. Eberle*, 2010 ND 107, ¶ 16, 783 N.W.2d 254).

## A

[¶8]  Joshua Holm argues the district court erred by denying his request for attorney's fees under N.D.R.Civ.P. 37(a)(5)(B) when it denied Heidi Holm's motion to compel. He asserts the court denied his request because it determined he did not timely file his answer brief.

[¶9]  N.D.R.Civ.P. 37(a)(5)(B) reads, in relevant part:

2

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

[¶10] The district court denied Heidi Holm's first motion to compel for failing to comply with N.D.R.Civ.P. 37(a)(5)(B). The court held Heidi Holm did not make a good faith effort to resolve the discovery dispute before filing her motion with the court. The court denied Joshua Holm's request for attorney's fees, concluding Joshua Holm's answer brief was untimely *and*, had Heidi Holm complied with Rule 37, she "may have proven her case due to what appears to be [Joshua Holm's] hedging and failure to provide documentation[.]" The court concluded Joshua Holm's "failure to timely respond and evasive answers mitigates [Heidi Holm's] need to pay attorney's fees, and no award will be made."

[¶11] Joshua Holm argues his answer brief was timely and the district court erred in denying his request for attorney's fees on that ground. Joshua Holm does not challenge the court's second ground for denying his request for attorney's fees. Although the court denied Joshua Holm's request for attorney's fees on two grounds, it did not indicate whether each ground was an independent reason for the denial, i.e., whether the court would have denied Joshua Holm's request for attorney's fees due to his evasive discovery responses even if his answer brief was timely. Because we cannot discern from the court's order what impact its conclusion Joshua Holm's answer brief was untimely had on its denial of his request for attorney fees, we address the issue.

[¶12] Heidi Holm attempted to file her motion to compel and accompanying documents on September 26, 2023, at 4:59 p.m. Central Standard Time (CST). The filings included an affidavit of service dated September 26, 2023. The clerk rejected the filings due to an issue with the notice of motion. Heidi Holm again attempted to file her motion and accompanying documents on September 26, 2023, at 6:04 p.m. CST. The clerk again rejected the filings due to an issue with

the notice of motion. On September 27, 2023, at 11:02 a.m. CST, Heidi Holm filed her motion and accompanying documents and the clerk accepted them. Joshua Holm filed his answer brief on October 12, 2023, at 12:37 a.m. CST.

[¶13] Rule 3.2(a)(2), N.D.R.Ct., provides the party opposing a motion has "14 days after service of a brief within which to serve and file an answer brief and other supporting papers." "For purposes of computation of time," N.D.R.Ct. 3.5(e)(4) provides "any document electronically served must be treated as if it were delivered on the date of transmission." The record reflects Heidi Holm's motion was electronically transmitted to Joshua Holm on September 26, 2023. The clerk's rejection of Heidi Holm's filings did not change the date of transmission. Rule 3.5(c)(3), N.D.R.Ct., provides:

> If a document submitted for electronic filing is rejected, the time for filing is tolled from the time of submission to the time the e-mail generated by the Odyssey system notifying the filer of rejection is sent. The document will be considered timely filed if resubmitted within three days after the notice of rejection.

Under the applicable rules, the tolling of the filing does not change the date of service, which is the date the document was transmitted. Thus, Joshua Holm's answer brief was due fourteen days after September 26, 2023, or October 10, 2023. *See* N.D.R.Civ.P. 6(a) (providing rules for computing time).

[¶14] Joshua Holm filed his answer brief on October 12, 2023, at 12:37 a.m. CST. However, he filed it in the Stark County District Court, which is in the Mountain Time Zone. Thus, Joshua Holm filed his brief on October 11, 2023, at 11:37 p.m. *See* N.D.R.Ct. 3.5(c)(1) ("A document in compliance with the rules and submitted electronically to the district court clerk by 11:59 p.m. local time is considered filed on the date submitted."). Based on these undisputed facts, Joshua Holm's answer brief was untimely.[1]

---

[1] The notification of service documents refer to "CST," meaning Central Standard Time. The pleadings at issue were filed in September and October of 2023, which was during daylight savings time. *See* https://www.timeanddate.com/time/change/usa/north-dakota?year=2023.

[¶15] We conclude the district court did not misinterpret or misapply the law in concluding Joshua Holm's answer brief was untimely. We further conclude the court did not abuse its discretion in denying Joshua Holm's request for attorney's fees when he untimely filed his answer brief and his discovery answers were evasive.

B

[¶16] Joshua Holm argues the district court erred in finding he failed to timely file his answer brief to Heidi Holm's second motion to compel.

[¶17] The district court granted Heidi Holm's second motion to compel. In its order granting the motion, the court stated, "[Joshua Holm's] brief was due on December 14, 2023. His service documents show[] service on December 14, 2023, but he filed his brief and supporting documentation on December 15, 2023." However, the court explained that while it "could simply strike [Joshua Holm's] Answer Brief and accompanying documents as they were not filed in accordance with Rule 3.2, N.D.R.Ct.," it would consider his brief and supporting documents. Not only did the court consider Joshua Holm's brief, it held oral argument on Heidi Holm's motion.

[¶18] The district court granted Heidi Holm's motion, after briefing and argument, concluding Joshua Holm's discovery responses "have been incomplete, late, evasive and not in compliance with the Rules of Civil Procedure." The court stated Joshua Holm "failed to make a complete, timely response to the request for discovery," explaining that even after Heidi Holm's attempt to resolve the discovery issues, Joshua Holm "did not provide the complete answers and documentation as requested." The court further stated, "No substantial justification was given as to why [Joshua Holm] did not provide

---

During daylight savings time, clocks are turned forward one hour. The record does not reflect whether the court's notification of service documents accounted for daylight savings time. If they did not, Joshua Holm's brief was still filed on October 11, 2023, just an hour earlier, 10:37 p.m.

5

the requested discovery." Joshua Holm does not challenge the court's findings he did not provide complete discovery responses.

[¶19] The district court's order granting Heidi Holm's motion to compel was not based on the timeliness of Joshua Holm's answer brief. Thus, if the court erred in determining Joshua Holm's answer brief was untimely, the error was harmless. *See* N.D.R.Civ.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Senger v. Senger*, 2022 ND 229, ¶ 12, 983 N.W.2d 160 ("Put simply, an error is harmless if it does not affect the outcome of the case or a party's substantial rights."). Joshua Holm has not demonstrated the court's conclusion regarding the timelines of his answer brief, even if error, affected his substantial rights. Because a decision on this issue would not affect the outcome of the case, we decline to address whether Joshua Holm's answer brief to Heidi Holm's second motion to compel was timely.

IV

[¶20] Joshua Holm argues the district court erred by failing to establish a valuation date sixty days before the initially scheduled trial date of November 13, 2023.

[¶21] Section 14-05-24(1), N.D.C.C., provides:

> Except as may be required by federal law for specific property, the valuation date for marital property and debt is the date mutually agreed upon between the parties. If the parties do not mutually agree upon a valuation date, the valuation date for marital property and debt is sixty days before the initially scheduled trial date. If there is a substantial change in value of an asset or debt between the date of valuation and the date of trial, the court may adjust the valuation of that asset or debt as necessary to effect an equitable distribution and shall make specific findings that another date of valuation is fair and equitable.

[¶22] "The interpretation of a statute is a question of law, which is fully reviewable on appeal." *Bullinger v. Sundog Interactive, Inc.*, 2025 ND 31, ¶ 6, 17 N.W.3d 589 (quoting *Rocky Mountain Steel Founds., Inc. v. Brockett Co., LLC*, 2019

6

ND 252, ¶ 11, 934 N.W.2d 531). This Court reviews questions of law de novo. *State v. Helland*, 2025 ND 63, ¶ 23, 18 N.W.3d 882.

[¶23] Citing N.D.C.C. § 14-05-24(1), the district court stated "the date for valuation of the marital property and debt is sixty days before the initially scheduled trial date. The initially scheduled trial date in this case is February 29, 2024. Sixty days before this date is January 1, 2024." The court then noted "the parties have placed values on some assets and debts with dates that are not January 1, 2024."

[¶24] The district court erred in establishing January 1, 2024 as the valuation date. The court initially scheduled trial for November 13, 2023. That trial was continued. The statutory default valuation date under N.D.C.C. § 14-05-24(1) is "sixty days before the *initially scheduled* trial date," not the date of trial. Because trial was initially scheduled for November 13, 2023, the statutory default valuation date was sixty days before November 13, 2023 (September 14, 2023), not sixty days before February 29, 2024.

[¶25] We conclude the district court erred in establishing January 1, 2024 as the valuation date. However, we further conclude the court's error was harmless. *See* N.D.R.Civ.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

[¶26] As noted by the district court, "the parties have placed values on some assets and debts with dates that are not January 1, 2024." Under N.D.C.C. § 14-05-24(1), the court should have used the mutually agreed upon valuation dates as the valuation dates for those assets and debts. *See Willprecht v. Willprecht*, 2020 ND 77, ¶ 14, 941 N.W.2d 556 ("If the parties agree to a valuation date only for some property and not for other property, the statutory default will supply the date for valuing the other property."). However, because the court used the agreed-to valuations, the court's finding of a different valuation date is harmless as to those assets and debts. Joshua Holm has not challenged the court's valuation of any of those assets. Moreover, the parties agreed to the value of many other assets without identifying or agreeing to valuation dates. Again, because the court used the agreed-to valuations, the court's valuation date error

is harmless as to those assets. Joshua Holm has not challenged the court's valuation of any of those assets.

[¶27] Joshua Holm has only argued the valuation date affected the valuation of two assets. As discussed more fully below, Joshua Holm has not demonstrated he was prejudiced by the district court's valuation date error or that it affected his substantial rights. Accordingly, we conclude the court's error in determining the valuation date was harmless and does not warrant reversal. *See Senger*, 2022 ND 229, ¶ 21 (concluding the court's "use of the incorrect version of the statute to determine the valuation date for the marital home was harmless"); *Buchholz v. Buchholz*, 2022 ND 203, ¶ 12, 982 N.W.2d 275 (concluding court's error in valuation date was harmless).

V

[¶28] Joshua Holm argues the district court abused its discretion in valuing various assets.

[¶29] "This Court will not reverse a district court's findings on valuation of marital property unless they are clearly erroneous." *Jones v. Jones*, 2025 ND 61, ¶ 16, 18 N.W.3d 847 (quoting *Lee v. Lee*, 2019 ND 142, ¶ 6, 927 N.W.2d 104). A court's valuations of marital property are not clearly erroneous if they are within the range of evidence presented. *Walden v. Walden*, 2025 ND 32, ¶ 16, 17 N.W.3d 521.

[¶30] "The value a district court places on marital property depends on the evidence presented by the parties." *Buchholz*, 2022 ND 203, ¶ 13 (quoting *Lee*, 2019 ND 142, ¶ 6). "A trial court may weigh spouses' competing testimony on the value of marital property." *Ritter v. Ritter*, 2024 ND 147, ¶ 12, 10 N.W.3d 75. We have stated, "The district court is in a better position to judge credibility and observe demeanor and to determine the true facts regarding property value." *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 12, 673 N.W.2d 601. For that reason, this Court gives deference to the district court's credibility determinations and presumes the court's valuations are correct. *Dimmler v. Dimmler*, 2024 ND 20, ¶ 11, 2 N.W.3d 652; *Orwig v. Orwig*, 2021 ND 33, ¶ 22, 955 N.W.2d 34; *Lee*, ¶ 6. "A choice between two permissible views of the evidence is not clearly erroneous

if the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Walden*, 2025 ND 32, ¶ 16 (quoting *Senger*, 2022 ND 229, ¶ 7).

A

[¶31] Joshua Holm argues the district court abused its discretion in valuing the contents of his safe. Specifically, he argues the court's "valuation of the contents of Joshua's safe was erroneous because it ignored the requirements of N.D.C.C. § 14-05-24(1) and set the value at an unknown date."

[¶32] The district court explained it "was not given much information about Joshua's safe." Neither party provided evidence regarding the value of the safe's contents on the valuation date. Heidi Holm's testimony valued the safe's contents as of a date around the time of their separation, before the valuation date; Joshua Holm's testimony valued the safe's contents at the time of trial, after the valuation date. Thus, based on the limited evidence presented by the parties, the district court could not value the safe's contents on the valuation date or identify a specific valuation date.

[¶33] The district court must determine valuation on the evidence presented by the parties. When the court is "not given much information" regarding the value of a marital asset on the valuation date, the court's decision is limited by the parties' failure to provide information.

[¶34] Based on the limited evidence presented by the parties, we conclude the district court did not misapply the law in valuing the safe's contents and that the court's valuation was not clearly erroneous. The court's valuation was within the range of evidence presented, and the court could not value the safe's contents on the valuation date based on the limited evidence presented by the parties.

B

[¶35] Joshua Holm argues the district court abused its discretion by not accepting his testimony regarding the value of the real property owned by Holm Empire Holdings.

[¶36]  At trial, Heidi Holm gave two values on the real property owned by Holm Empire Holdings. The district court explained Heidi Holm's two values are "the assessed value of $132,900.00 and the value she believes to be more appropriate of $140,000.00." The court noted she "does not provide any evidence to support her value of $140,000.00, just that she believes it is worth more than the assessed value." Joshua Holm valued the real property at $121,039.00. The court stated, "Joshua does not provide any evidence to support his value of $121,039.00." The court valued the real property at $132,900.00, the assessed value.

[¶37]  The district court's valuation of the real property owned by Holm Empire Holdings was within the range of evidence presented. We conclude the court's valuation was not clearly erroneous.

C

[¶38]  Joshua Holm argues the district court abused its discretion in determining the 2004 Chevy 2500 pickup truck belonged to him and was marital property.

[¶39]  In its opinion, the district court stated Joshua Holm testified he does not own the truck and that the truck is owned by a friend who lives in Arizona. The friend provided similar testimony. The court further stated it received two exhibits regarding the truck: an assessment showing the trade-in value of the pickup to be $8,974, and a photo of the truck. The court explained it "did not receive any evidence such as a vehicle title, showing the true owner of the vehicle." The court was skeptical of Joshua Holm's testimony, stating it was "not convinced that this pickup does not belong to Joshua" because "he has multiple other vehicles at his disposal" and "[t]he picture of the vehicle shows a North Dakota license plate, not an Arizona plate." As discussed below, the court also found Joshua Holm attempted to hide assets and was not credible. The court determined the truck was a marital asset owned by Joshua Holm.

[¶40] The district court's determination Joshua Holm owned the truck was in significant part based on its determination of credibility. The district court is in a far better position than this Court to observe demeanor and credibility of witnesses. The court properly relied on the testimony it found more credible. "A choice between two permissible views of the evidence is not clearly erroneous if

the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Walden*, 2025 ND 32, ¶ 16 (quoting *Senger*, 2022 ND 229, ¶ 7).

[¶41] We conclude the district court's determination of ownership of the truck was not clearly erroneous.

VI

[¶42] Joshua Holm argues the district court erred by failing to equitably divide the marital assets and debts. Specifically, he asserts the division is inequitable because the court's valuation of X Marks the Spot Investments, LLC, which was awarded to Joshua Holm, is inflated. He further argues the division is inequitable because the court ordered him to make a $120,000 equalization payment to Heidi Holm.

[¶43] "When a divorce is granted, the court shall make an equitable distribution of the property and debts of the parties." N.D.C.C. § 14-05-24(1). The district court must consider the *Ruff-Fischer* guidelines in dividing the property. *Ceynar v. Ceynar*, 2025 ND 53, ¶ 5, 18 N.W.3d 613. "[A] property division need not be equal to be equitable, but a substantial disparity must be explained." *Id.* (quoting *Amsbaugh*, 2004 ND 11, ¶ 23). The court's property distribution is treated as a finding of fact, which will not be reversed on appeal unless the findings are clearly erroneous. *Shively v. Shively*, 2025 ND 69, ¶ 4.

A

[¶44] Joshua Holm's argument the district court erred in valuing X Marks the Spot Investments is a valuation issue, not an equitable division of property issue. His primary argument is the court should have valued the company at the time of trial. That argument is inconsistent with his earlier valuation date argument.

[¶45] Heidi Holm valued X Marks the Spot Investments at $385,000; Joshua Holm valued it at zero. The district court noted the parties invested $440,000 into the company, and that Heidi Holm testified a return of the capital credits was expected. Joshua Holm testified the investments "disappeared." The court made

11

detailed findings regarding Joshua Holm's credibility and attempts to hide assets. For example, the court made the following findings:

> The Court finds that Joshua has engaged in behavior to undervalue his businesses. He has removed money from bank accounts and not accounted for its removal. He has "traded" assets to family and friends and has attempted to convince this Court that he no longer has any ownership in these assets, or that he has no idea of their location. The Court finds he is not credible. Heidi presented relevant evidence which shows that many of the items he no longer "owned" or no longer knew where they were located, were actually at his shop. This was a clear violation of the Summons and Notice of Temporary Restraining Provisions (Docket No. 1). Joshua disposed of assets without accounting for them. He has attempted to convince this Court that he no longer has assets, yet they were located on his business property just a month or so before trial.
>
> Joshua has attempted to convince this Court that his businesses are struggling. Yet, he has traveled extensively in the months since the parties separated to places such as Dubai, New York City, Mexico and other locations. Joshua testified that these were for "speaking engagements", but did not provide any proof that he was paid for these speaking engagements. Thus, his funds had to come from his businesses, which he claims are struggling. Joshua's explanations ring hollow and are without credibility. Joshua bought a timeshare, but claims he was scammed into it. Yet, he testified that he has used this timeshare, showing this Court that he has used this asset, despite how he obtained it. It clearly has a value, despite Joshua claiming it has no value because he was scammed.
>
> Finally, Heidi provided extensive testimony about the theft from her safe the day Joshua moved out of the marital home on March 23, 2023. She alleges Joshua took items from her safe that day without her permission, including $100,000.00 in cash. Joshua denies this.

After reviewing the evidence, the court found Heidi Holm's testimony credible that Joshua Holm took things from Heidi Holm's safe. The court specifically found Joshua Holm's "testimony is not credible" and that he removed $100,000 from Heidi Holm's safe.

[¶46] Based on the testimony and the district court's credibility findings, the court valued X Marks the Spot Investments at $385,000. The court's valuation of X Marks the Spot Investments was within the range of evidence presented. We conclude the court's valuation was not clearly erroneous.

B

[¶47] The district court considered the *Ruff-Fischer* guidelines. The court stated, "The most relevant factor for this Court to consider is the parties' conduct during the marriage[.]" It then explained, "The most relevant factors here are Joshua's failure to disclose his assets and debts, his 'trading' of marital assets without any accounting, and the alleged theft of items from Heidi's safe." After making detailed findings, the court valued the contents of Heidi Holm's safe at zero, but required Joshua Holm to reimburse the $100,000 he removed from the safe and failed to account for in the divorce. The court stated, "He will be required to make an equalization payment to Heidi in the amount of $100,000.00 for the amount he removed."

[¶48] Noting its division of assets and debts is nearly equal between the parties, the district court ordered Joshua Holm make an additional $20,000 equalization payment to Heidi Holm. The court explained:

> [D]ue to Joshua's attempts to hide assets, trade assets with no accounting of them, and failing to provide adequate documentation, the Court is going to award a $20,000.00 equalization payment to Heidi. By the Court's tally, the amount of assets Joshua attempted to conceal, trade or mis-value is over $34,000.00. The $20,000.00 equalization payment is appropriate given these attempts to mislead the Court.
> The Court is also going to award an additional equalization payment of $100,000.00 to Heidi for the missing $100,000.00 from her safe.

[¶49] Joshua Holm does not reference the *Ruff-Fischer* guidelines in his briefs, much less provide argument regarding why the district court's *Ruff-Fischer* analysis is clearly erroneous.

[¶50] Rule 28(b), N.D.R.App.P., governs the content of an appellant's brief. Rule 28(b)(7)(A) requires the appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Joshua Holm's brief does not comply with Rule 28(b)(7)(A). Joshua Holm waived any argument regarding the district court's application of the *Ruff-Fischer* guidelines by not briefing it on appeal. *See Northstar Ctr., LLC v. Lukenbill Fam. P'ship, LLLP*, 2024 ND 212, ¶ 72, 17 N.W.3d 1 ("Issues not briefed on appeal are waived.").

[¶51] We conclude Joshua Holm has not demonstrated the district court inequitably distributed the marital property and debts.

VII

[¶52] We affirm the district court's judgment and orders.

[¶53] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr