2012 ND 17

**Interest of G.K.S.**

**Madeline Free, M.D., Petitioner and Appellee,**

v.

**G.K.S., Respondent and Appellant.**

**No. 20110367.**

Supreme Court of North Dakota.

Jan. 12, 2012.

Justin Jon Schwarz (on brief), Assistant State's Attorney, Bismarck, N.D., for petitioner and appellee.

Gregory Ian Runge (on brief), Bismarck, N.D., for respondent and appellant.

CROTHERS, Justice.

[¶ 1] G.K.S. appeals from a district court order finding G.K.S. chemically dependent and a person requiring treatment and ordering him to undergo treatment at

the North Dakota State Hospital for up to 90 days. We dismiss G.K.S.'s appeal as moot because the court's involuntary commitment order was vacated.

## I

[¶ 2] On November 25, 2011, Dr. Madeline Free petitioned the district court for involuntary commitment of G.K.S., asserting he requires treatment because he is chemically dependent and as a result of his condition, a reasonable expectation of a serious risk of harm exists if he is not treated. On November 30, 2011, the court held an involuntary commitment hearing under N.D.C.C. § 25–03.1–19. After the hearing, the court found by clear and convincing evidence that G.K.S. had an alcohol dependency, and found him to be a person who is chemically dependent and requiring treatment. The court ordered up to 90 days of inpatient involuntary treatment at the State Hospital. On December 19, 2011, G.K.S. filed an expedited appeal under N.D.R.App.P. 2.1.

[¶ 3] On December 19, 2011, Dr. Free filed a notice of release with the district court, indicating G.K.S. was "ordered to submit to the treatment indicated by the above-named court on the date indicated" for 90 days. He was released from the custody and treatment of the State Hospital on December 15, 2011. Dr. Free also requested an "order of dismissal." On December 21, 2011, Dr. Free, through the Burleigh County Assistant States Attorney, moved the district court to dismiss the 90–day treatment order based on the notice of release. The court granted the State's motion on December 22, 2011, and entered an order of dismissal. Based on the dismissal while G.K.S.'s appeal was pending, this Court asked the parties to address whether this appeal should be dismissed as moot.

## II

[¶ 4] This Court may consider the threshold issue of mootness in every appeal. *In re Guardianship/Conservatorship of Van Sickle*, 2005 ND 69, ¶ 12, 694 N.W.2d 212; *In re D.P.O.*, 2005 ND 39, ¶ 8, 692 N.W.2d 128. This Court does not render advisory opinions and will dismiss an appeal if an issue becomes moot when no actual controversy is left to be determined. *Van Sickle*, at ¶ 12; *In re E.T.*, 2000 ND 174, ¶ 5, 617 N.W.2d 470. "No actual controversy exists if certain events have occurred which make it impossible for this Court to issue relief, or when the lapse of time has made the issue moot." *Van Sickle*, at ¶ 12. "We will [decide] a moot issue, rather than dismiss the appeal, if the controversy is one of great public interest and involves the authority and power of public officials or if the matter is capable of repetition, yet evading review." *Id.* (citing *In re W.O.*, 2004 ND 8, ¶ 11, 673 N.W.2d 264). We have also said "[a]n appeal is not moot if the [district] court's decision continues to have 'collateral consequences' for the appealing party." *Millang v. Hahn*, 1998 ND 152, ¶ 6, 582 N.W.2d 665 (quoting *Matter of Contempt of Grajedas*, 515 N.W.2d 444, 448 (N.D. 1994)); *see also Varnson v. Satran*, 368 N.W.2d 533, 535 (N.D.1985) ("A case is moot when a determination is sought which, when rendered, cannot have any practical legal effect upon a then-existing controversy.").

[¶ 5] G.K.S. contends his appeal is not moot. He argues that only the court's 90–day treatment order was dismissed, not the petition, and that the record presently reflects he was found chemically dependent and requiring treatment, but that no clear and convincing evidence supports these findings. G.K.S. asserts the notice of release does not state he never required treatment, but only that he "no longer

requires" treatment, suggesting that when the court ordered hospitalization, he required treatment as adjudicated. G.K.S. asserts he never was chemically dependent and never required treatment. He further contends that because of the district court's findings and order for treatment, he no longer can purchase, possess or control any firearms under N.D.C.C. § 62.1–02–01(c). He asserts that as a result of the district court's findings and order, he could be responsible to pay for his 15–day inpatient treatment at the North Dakota State Hospital under N.D.C.C. § 50–06.3–04. He contends reversal of the district court's order for treatment and an order for dismissal of the petition will preempt the State Hospital from charging him for that inpatient treatment.

[¶ 6] Regarding the merits, G.K.S. argues the district court erred in not dismissing the involuntary commitment petition because the petitioner and expert examiner failed to testify. He further argues the court erred by finding him chemically dependent, by finding him to be a person requiring treatment and by failing to order the least restrictive alternative treatment. Although the State contends the appeal is moot based on the district court's subsequent order of dismissal, the State concedes insufficient evidence existed in the record to prove that G.K.S. is a person who is chemically dependent and in need of treatment as decided by the district court. The State further concedes a report regarding alternative treatment was not filed and alternative treatment was not considered based on the testimony presented at the hearing.

[¶ 7] Here, after G.K.S. filed a notice of appeal, the district court dismissed the commitment order. While a dismissal may not always resolve concerns such as those raised by G.K.S., we recognize the very significant concessions by the State on appeal, including that insufficient evidence originally supported the order. *See Interest of R.M.*, 2009 ND 25, ¶ 2, 763 N.W.2d 799 (summary reversal appropriate when appellee-petitioner concedes insufficient evidence supported commitment order). The foregoing can mean only that the involuntary commitment order was vacated by the court's subsequent order of dismissal. Because the order was vacated, we dismiss G.K.S.'s appeal as moot.

### III

[¶ 8] The appeal is dismissed.

[¶ 9] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.