# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 227

State of North Dakota,                                        Plaintiff and Appellee

v.

Joe Michael Johns,                                         Defendant and Appellant

No. 20180431

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Mindy L. Lawrence, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Erica M. Woehl, Bismarck, ND, for defendant and appellant; submitted on brief.

**State v. Johns**

**No. 20180431**

**Crothers, Justice.**

[¶1] Joe Johns appeals from a criminal judgment entered upon a conditional guilty plea after the district court denied his motion to dismiss a charge for unlawful possession of drug paraphernalia as a class C felony second offense. Johns argues he did not have a prior conviction for enhancement purposes because a deferred imposition of sentence for a prior charge under N.D.C.C. title 19 resulted in a dismissal of that charge. We reverse the judgment and remand to allow Johns to withdraw his conditional guilty plea to the enhanced charge.

I

[¶2] On August 30, 2018, the State charged Johns with unlawful possession of drug paraphernalia as a class C felony second offense under N.D.C.C. § 19-03.4-03(2), which enhances the charge from a class A misdemeanor to a class C felony if the person previously has been convicted of an offense under N.D.C.C. title 19. The criminal information alleged that on August 29, 2018, Johns used or possessed with intent to use a glass smoking device for use with methamphetamine and that he "has a prior conviction in case no. 08-2016-CR-00295."

[¶3] Johns moved to dismiss the charge, arguing the information failed to state an offense rising to the level of a class C felony for a second conviction of a drug paraphernalia offense because his prior conviction for unlawful possession of drug paraphernalia had been vacated and dismissed after he completed probation under a deferred imposition of sentence. He asserted that after the termination of his probation in the prior case, his guilty plea and the guilty verdict were vacated, the action was dismissed and the public record were sealed and deleted.

[¶4]    The State resisted Johns' motion, arguing N.D.C.C. § 12.1-32-02(4) authorizes pleading and proving a prior conviction for enhancement purposes. The State argued N.D.C.C. § 19-03.4-03(2) does not differentiate between convictions on an individual's public record and convictions no longer on the individual's public record, and contended N.D.C.C. § 19-03.4-03(2) only requires a conviction under N.D.C.C. title 19. The State argued Johns' conviction may be used for enhancement under N.D.C.C. § 12.1-32-02(4) even after the charge was dismissed.

[¶5]    The district court denied Johns' motion, ruling N.D.C.C. § 12.1-32-02(4) permitted the State to use Johns' conviction to enhance the charge in this case to a class C felony. Johns entered a conditional guilty plea to the enhanced charge.

II

[¶6]    Johns argues the district court misinterpreted N.D.C.C. § 12.1-32-02(4) in denying his motion to dismiss. He asserts his conviction for possession of drug paraphernalia was vacated and dismissed under a deferred imposition of sentence and was not a prior conviction for purposes of enhancing the charge in this case to a class C felony under N.D.C.C. § 19-03.4-03(2). He asserts that for purposes of enhancement, N.D.C.C. §§ 12.1-32-02(4) and 12.1-32-07.1 must be read together to mean a vacated and dismissed deferred imposition of sentence is not a conviction. He contends the statutory language means that during the period of a suspended imposition of sentence, a conviction may be used to enhance a subsequent charge, but the conviction cannot be used for enhancement after dismissal of the prior charge.

[¶7]    The State responds that under N.D.C.C. § 12.1-32-02(4), the deferred imposition of sentence for the prior charge can be used to enhance a subsequent charge for possession of drug paraphernalia.

[¶8]    The issues raised in this appeal involve the interpretation of several statutes. In *State v. Kuruc*, 2014 ND 95, ¶ 32, 846 N.W.2d 314, we described rules for construing statutes:

"Statutory interpretation is a question of law. Statutes must be construed as a whole and harmonized to give meaning to related provisions, and are interpreted in context to give meaning and effect to every word, phrase, and sentence. In construing statutes, we consider the context of the statutes and the purposes for which they were enacted. When a general statutory provision conflicts with a specific provision in the same or another statute, the two must be construed, if possible, so that effect may be given to both provisions. When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute."

(Internal citations and quotation marks omitted.)

[¶9] Johns was charged with unlawful possession of drug paraphernalia as a second offense under N.D.C.C. § 19-03.4-03(2), which provides:

"2. A person may not use or possess with the intent to use drug paraphernalia to inject, ingest, inhale, or otherwise induce into the human body a controlled substance, other than marijuana, classified in schedule I, II, or III of chapter 19-03.1. A person violating this subsection is guilty of a class A misdemeanor. If a person previously has been convicted of an offense under this title, other than an offense related to marijuana, or an equivalent offense from another court in the United States, a violation of this subsection is a class C felony."

[¶10] Section 12.1-32-02, N.D.C.C., describes sentencing alternatives, including a deferred imposition of sentence, and provides, in relevant part:

"4. A court, upon application or its own motion, may defer imposition of sentence. The court must place the defendant on probation during the period of deferment. An order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment. In any subsequent prosecution, for any other offense, the prior conviction for which imposition of sentence is deferred may be pleaded and proved, and has the same effect as if probation had not been granted or the information or indictment dismissed under section 12.1-32-07.1."

[¶11] Section 12.1-32-07.1, N.D.C.C., describes release, discharge, or termination of probation and provides, in relevant part:

"2. Whenever a person has been placed on probation pursuant to subsection 4 of section 12.1-32-02, the court at any time, when the ends of justice will be served, and when reformation of the probationer warrants, may terminate the period of probation and discharge the

3

person so held. A person convicted of gross sexual imposition under subdivision a of subsection 1 of section 12.1-20-03 is not entitled to early termination of probation pursuant to this section, unless the court finds after at least eight years of supervised probation that further supervision would impose a manifest injustice. Every defendant who has fulfilled the conditions of probation for the entire period, or who has been discharged from probation prior to termination of the probation period, may at any time be permitted in the discretion of the court to withdraw the defendant's plea of guilty. The court may in its discretion set aside the verdict of guilty. In either case, the court may dismiss the information or indictment against the defendant. The court may, upon its own motion or upon application by the defendant and before dismissing the information or indictment, reduce to a misdemeanor a felony conviction for which the plea of guilty has been withdrawn or set aside. The defendant must then be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted except as provided by sections 12.1-32-15 and 62.1-02-01."

[¶12] Additionally, before March 1, 2019, N.D.R.Crim.P. 32.1[1] provided:

> "An order deferring imposition of sentence for an infraction or a misdemeanor must require that 61 days after expiration or termination of probation:
> (a) the defendant's guilty plea be withdrawn, or the guilty verdict be set aside;
> (b) the case be dismissed; and
> (c) the file be sealed.
> "The court may, by order, modify an order deferring imposition of sentence no later than 60 days after expiration or termination of probation."

[¶13] In *State v. Ebertz*, 2010 ND 79, ¶¶ 9-15, 782 N.W.2d 350, we discussed the interrelationship of statutes for a deferred imposition of sentence and N.D.R.Crim.P. 32.1. We described our constitutional authority to promulgate procedural rules and harmonized N.D.C.C. § 12.1-32-07.1 and N.D.R.Crim.P. 32.1. *Ebertz*, at ¶¶ 11-12. We said the statute provides the general procedure for dismissal of a case after the

---

[1]Rule 32.1, N.D.R.Crim.P., was amended, effective March 1, 2019, to delete the language applying the rule only to infractions or misdemeanors and now applies in all cases deferring imposition of sentence. N.D.R.Crim.P. 32.1 (Explanatory Note).

completion or termination of probation in all cases and the pre-2019 rule encompasses the statutory procedure and provides the specific procedure for a deferred imposition of sentence for misdemeanors and infractions. *Id.* at ¶ 12. Under that version of the rule, a court must follow the procedures in the rule when a deferred imposition has been ordered for misdemeanors and infractions. *Id.* The rule automatically requires dismissal sixty-one days after a defendant's probation has ended, unless the court has ordered otherwise before that date. *Id.* A district court does not have jurisdiction to order that a case not be dismissed after it has been automatically dismissed under N.D.R.Crim.P. 32.1 and the file sealed. *Ebertz,* at ¶ 12. We held a district court did not have jurisdiction to find a defendant violated his probation conditions, to order the defendant's conviction would stand, and to determine the file would not be sealed because the case was automatically dismissed sixty-one days after the defendant's probation expired. *Id.* at ¶¶ 13-14.

[¶14] In *State v. Overholt*, 2019 ND 173, ¶¶ 1, 4, 9, we discussed those statutes and N.D.R.Crim.P. 32.1 in the context of a motion to revoke probation and modify an order deferring imposition of sentence. The defendant claimed the district court erred in relying on a dismissed case to modify its order deferring imposition of sentence because his guilty plea in the other case was withdrawn, the case was dismissed, and the file should have been sealed. *Id.* at ¶ 8. We held the mere existence of the other case, which was automatically dismissed almost two months earlier, could not form the evidentiary basis to modify the later deferred imposition of sentence. *Id.* at ¶ 12. We held the mere reference to the other case's criminal file number could not form the evidentiary basis to revoke probation, and adequate factual grounds were necessary to prove the defendant violated his probation conditions. *Id.* at ¶¶ 13-14.

[¶15] In *State v. Nelson*, 2019 ND 204, ¶ 6, we considered whether a completed deferred imposition of sentence resulting in the withdrawal of a guilty plea and dismissal of the proceeding could be considered a conviction sufficient to trigger a mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a). We discussed the

requirements of N.D.R.Crim.P. 32.1 in conjunction with the language in N.D.C.C. § 12.1-32-02(4) that "[i]n any subsequent prosecution, for any other offense, the prior conviction for which imposition of sentence is deferred may be pleaded and proved . . . ." *Nelson*, at ¶¶ 10-11. We concluded:

> "the phrase 'the prior conviction for which imposition of sentence is deferred' refers to a deferred sentence that has not been dismissed. . . . Under N.D.R.Crim.P. 32.1, the court could not consider Nelson's previous conviction because it had been dismissed and the court erred by using the dismissed case to trigger the mandatory minimum sentence. Had the prior offense not yet been dismissed, the State would then have been entitled to an opportunity to 'plead and prove' the prior conviction under N.D.C.C. § 12.1-32-02(4). However, once a case is dismissed, the State may not plead and prove a previous conviction."

*Nelson*, at ¶ 11.

[¶16] Here, the State charged Johns under N.D.C.C. § 19.1-03.4-03(2) with unlawful possession of drug paraphernalia as a class C felony second offense and alleged he "has a prior conviction in case no. 08-2016-CR-00295." The language of N.D.C.C. § 19-03.4-03(2), authorizes enhancement for unlawful possession of drug paraphernalia "[i]f a person previously has been convicted of an offense under this title, other than an offense related to marijuana." That language, when read together with N.D.C.C. §§ 12.1-32-02(4) and 12.1-32-07.1 and our decision in *Nelson*, refers to a conviction for a deferred sentence that has not been dismissed. Johns' prior case had been dismissed. Therefore, the court could not consider Johns' prior conviction to enhance the charge in this case.

[¶17] The State cannot use the prior dismissed deferred imposition of sentence to enhance the charge against Johns in this case. We reverse and remand to allow Johns to withdraw his conditional guilty plea to the enhanced charge.

### III

[¶18] The judgment is reversed and the case is remanded.

[¶19]   Daniel J. Crothers
          Jerod E. Tufte
          Jon J. Jensen
          Daniel El-Dweek, D.J.
          Gerald W. VandeWalle, C.J.

[¶20]   The Honorable Daniel El-Dweek, D.J., sitting in place of McEvers, J., disqualified.