# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 226

State of North Dakota,                                    Plaintiff and Appellant

v.

Joseph n/m/i Brown,                                    Defendant and Appellee

### No. 20210191

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Leah J. Viste (argued), Assistant State's Attorney, and Ethan R. Lee (on brief), Assistant State's Attorney, Minot, ND, for plaintiff and appellant.

Ashley M. Gulke, Minot, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]    The State appeals from a district court order dismissing without prejudice charges of criminal trespass, burglary, and theft of property against Joseph Brown. On appeal, the State argues the court erred in refusing to admit hearsay testimony offered by the State's witness. We reverse the court's order and remand for a preliminary hearing.

I

[¶2]    The State charged Brown with criminal trespass, criminal mischief, burglary, and theft of property. With the exception of criminal mischief, all charges were class C felonies. At the preliminary hearing, Officer Gannon Miller was the only witness. He was not the investigating officer and had no contact with Brown prior to the preliminary hearing. Officer Miller testified he did not respond to the scene of the possible break-in. The district court then questioned Officer Miller:

> THE COURT: Back up just a second here. What was your involvement in this?
> THE WITNESS: I was actively looking for Joseph Brown.
> THE COURT: Did you have anything other than just the fact that you were looking for him?
> THE WITNESS: I was just a responding officer.
> THE COURT: Did you talk to any witnesses, did you talk to the neighbor, did you do any independent investigation?
> THE WITNESS: I did not, no.
> THE COURT: So you were just—I mean, you were on duty. I'm not taking away from the fact that you were on duty. But you have no direct connection with any of the facts of this, do you?
> THE WITNESS: I was a responding officer and Officer Shaide was the reporting officer.
> THE COURT: That's not my question. You don't—you never talked to a witness, you never conducted any investigation, you were just driving around looking for a large black male?
> THE WITNESS: Who was identified as Joseph Brown, yes.

THE COURT: You were driving around looking for a large black male.

THE WITNESS: Yes.

THE COURT: And that's the extent of your involvement?

THE WITNESS: Yes.

THE COURT: He's got to have more than that.

[¶3] The district court then ended the State's examination of Officer Miller. The court concluded there could be no probable cause determination based upon "nothing but hearsay." The court found Officer Miller had no direct connection to the crime, as he had not responded to the scene, investigated the break-in, or talked to any witnesses. The court dismissed the felony charges against Brown, informing the State "unless [the witness] has some actual, hands-on, direct contact with this crime," the court would not find probable cause. The court determined that "[p]roducing a witness with no point of contact with the case, and whose only role in the hearing would be to read reports and affidavits prepared by others is insufficient to establish probable cause at a preliminary hearing."

II

[¶4] The State argues the district court erred in prohibiting the State from introducing permissible hearsay testimony. The State asks this Court to reverse the court's order of dismissal and remand for further proceedings. Brown argues the court properly dismissed the charges.

A

[¶5] "The State's right to appeal must be expressly granted by statute." *State v. Mitchell*, 2021 ND 93, ¶ 5, 960 N.W.2d 788 (quoting *State v. Goldmann*, 2013 ND 105, ¶ 6, 831 N.W.2d 748).

> [I]n a criminal case the State is authorized to appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29-28-07(1). We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute.

2

*State v. Gratton*, 2020 ND 41, ¶ 7, 938 N.W.2d 902 (quoting *State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575). This Court has held that N.D.C.C. § 29-28-07(1) does not specifically limit appealability to an order quashing with prejudice and therefore an order quashing without prejudice is appealable. *Mitchell*, at ¶ 5. Accordingly, we have jurisdiction over the State's appeal from the district court order dismissing the charges without prejudice.

B

[¶6]   This Court reviews the dismissal of a criminal complaint under an abuse of discretion standard. *State v. Erickson*, 2011 ND 49, ¶ 12, 795 N.W.2d 375. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597.

[¶7]   A preliminary hearing serves as a screening tool to determine whether probable cause exists. *Mitchell*, 2021 ND 93, ¶ 6. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Gratton*, 2020 ND 41, ¶ 9 (quoting *State v. Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692). A preliminary hearing "is not a trial on the merits." *State v. Turbeville*, 2017 ND 139, ¶ 12, 895 N.W.2d 758. Rather, "[t]he probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is 'a minimal burden of proof.'" *Gratton*, at ¶ 9 (quoting *Healy v. Healy*, 397 N.W.2d 71, 73 (N.D. 1986)).

> The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. Under that standard, probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed, and knowledge of facts sufficient to establish guilt is not necessary to establish probable cause.

*Mitchell*, at ¶ 6. "Because a preliminary hearing is not an actual trial, '[t]he finding of probable cause may be based on hearsay evidence' and 'evidence that

3

would be inadmissible at the trial.'" *Id.* at ¶ 7 (quoting N.D.R.Crim.P. 5.1(a)). Except for rules relating to privilege, the North Dakota Rules of Evidence do not apply to preliminary hearings in criminal cases. *Id.* (citing N.D.R.Ev. 1101(d)(3)(C)).

[¶8] In determining whether probable cause exists, the district court may judge credibility and make findings of fact, and this Court will not reverse the findings if, after resolving conflicts in the evidence in favor of affirming, sufficient evidence exists to support the court's findings and the decision is not contrary to the manifest weight of the evidence. *Blunt*, 2008 ND 135, ¶ 14. However, "[t]he district court's authority to weigh evidence and judge credibility of witnesses in a preliminary hearing is limited." *Gratton*, 2020 ND 41, ¶ 10. "[A] judge in a preliminary hearing has jurisdiction to consider the credibility of witnesses only when, as a matter of law, the testimony is implausible or incredible." *Id.* (quoting *Blunt*, at ¶ 17); *see also People v. Buhrle*, 744 P.2d 747, 749 (Colo. 1987) ("Although the trial judge may curtail the right to cross-examine and to introduce evidence, he may neither completely prevent inquiry into matters relevant to the determination of probable cause, nor disregard the testimony of a witness favorable to the prosecution unless the testimony is implausible or incredible as a matter of law.") (internal citations omitted)). If merely conflicting testimony is introduced, "a question of fact exists for the jury, and the judge must draw the inference favorable to the prosecution." *Gratton*, at ¶ 10. "Whether the facts found by the court constitute probable cause is a question of law, fully reviewable on appeal." *Id.* at ¶ 8.

[¶9] Brown contends that, while a "finding of probable cause may be based on hearsay evidence in whole or in part," the district court also has discretion to refuse to admit hearsay evidence. N.D.R.Crim.P. 5.1(a). Brown also notes the "court has a duty to assess the weight and credibility of the witness" and "may assess the weight of the testimony as zero."

[¶10] Although evidentiary issues and determinations of weight and credibility fall within the district court's discretion, that discretion is limited in a preliminary hearing. *See Gratton*, 2020 ND 41, ¶ 10 (describing the limited

4

authority to assess credibility at a preliminary hearing "only when, as a matter of law, the testimony is implausible or incredible"). While a court is given discretion in admitting hearsay evidence under N.D.R.Crim.P. 5.1(a), the court here permitted only a limited examination of Officer Miller before determining he had no basis to provide any testimony. In light of the burden of proof placed upon the State, and noting the court should draw all inferences in favor of the prosecution, we conclude the court abused its discretion by misapplying the law when it unreasonably prevented the State's inquiry into matters that were relevant to a determination of probable cause. The court abused its discretion in refusing to allow the State to fully examine Officer Miller and in not considering whether Officer Miller's testimony was implausible or incredible. We hold a court must allow the State to present its evidence at the preliminary hearing before determining what weight to give that evidence, including otherwise inadmissible hearsay.

## III

[¶11] We reverse the district court order dismissing the charges against Brown and remand for a preliminary hearing.

[¶12] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte