# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 194

In the Interest of D.K.A.

Jaya Varma, MD,                                    Petitioner and Appellee

    v.

D.K.A.,                                           Respondent and Appellant

### No. 20240248

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for petitioner and appellee; submitted on brief.

Trent Barkus, Fargo, ND, for respondent and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   D.K.A. appeals from an order requiring hospitalization for a period not to exceed 90 days. We dismiss the appeal as moot because the district court subsequently ordered D.K.A. to be released from further involuntary civil commitment and dismissed the proceeding.

I

[¶2]   In July 2024, Jaya Varma, MD, with the Fargo Department of Veterans Affairs Medical Center ("Medical Center"), petitioned for involuntary commitment of D.K.A. After a hearing, the district court found that D.K.A. is mentally ill and a person requiring treatment, and that no treatment program other than hospitalization is available or would be adequate to meet her needs or sufficient to prevent harm to herself or others. The court ordered her to undergo treatment at the Medical Center for a period not to exceed 90 days. After the notice of appeal was filed, the Medical Center filed a "Notice of Release," stating the "[t]reatment team is working towards safe discharge planning" and requesting an order of dismissal be entered by the court. The court ordered that D.K.A. be "discharged and released from any further involuntary civil commitment," and dismissed the proceeding.

II

[¶3]   The Petitioner argues this appeal is moot and must be dismissed. Because the district court ordered D.K.A. to be discharged and released, and dismissed the proceeding, we shall consider whether this appeal is moot.

> "This Court may consider the threshold issue of mootness in every appeal." *Interest of G.K.S.*, 2012 ND 17, ¶ 4, 809 N.W.2d 335. We dismiss an appeal as moot "if no actual controversy is left to be determined," including when "certain events have occurred which make it impossible for this Court to issue relief." *In re Guardianship/Conservatorship of Van Sickle*, 2005 ND 69, ¶ 12, 694 N.W.2d 212 (citations omitted). An appeal is moot when "a

1

determination is sought which, when rendered, cannot have any practical legal effect upon a then-existing controversy." *Varnson v. Satran*, 368 N.W.2d 533, 535 (N.D. 1985). An appeal is not moot, however, if the district court's decision "continues to have 'collateral consequences' for the appealing party." *Interest of G.K.S.*, at ¶ 4.

*Int. of B.A.C.*, 2017 ND 247, ¶ 7, 902 N.W.2d 767.

[¶4] In *Interest of B.A.C.*, the district court ordered B.A.C. to be involuntarily hospitalized for 90 days and found he was prohibited from possessing firearms under federal law. 2017 ND 247, ¶ 5. About two weeks later, the court ordered B.A.C. to be discharged and released after the State Hospital filed a notice of release. *Id.* Addressing the mootness argument, we concluded there remained an actual controversy on appeal because "the treatment order's finding that federal firearms restrictions apply to B.A.C. is a lasting collateral consequence of the order." *Id.* at ¶ 9. We noted that "[a]bsent evidence that B.A.C. was already subject to a federal firearms restriction, we will presume that these restrictions are a collateral consequence." *Id.* at ¶ 10. There was no evidence in the record that B.A.C. had previously been committed to a mental institution, and "[t]he assessment performed on B.A.C.'s admission indicated this was his first admission to the State Hospital and he had 'an unknown past psychiatric history.'" *Id.*

[¶5] D.K.A. has not argued that collateral consequences would prevent this appeal from being moot. The district court, however, found "[t]he federal firearms restrictions under 18 U.S.C. § 922(d)(4) and (g)(4) apply." (Emphasis omitted.) The Petitioner argues D.K.A. was already subject to the federal firearms restrictions, but acknowledges that information is not a part of this record. The Petitioner requests this Court take judicial notice of the treatment orders in D.K.A.'s 2022 civil commitment case (Case No. 09-2022-MH-00025). In that case, the district court issued two orders for "alternative treatment" (dated February 4, 2022, and April 25, 2022) finding that the federal firearms restrictions apply to D.K.A., and having been committed for treatment, that she is prohibited from possessing firearms.

[¶6] A court may judicially notice an adjudicative fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." N.D.R.Ev. 201(b)(2). D.K.A.'s prior firearms prohibition is an adjudicative fact that is not subject to reasonable dispute because it can be accurately and readily determined from the district court's treatment orders in D.K.A.'s 2022 case, which are accessible from the court's case management system, and are sources whose accuracy cannot reasonably be questioned. We therefore take judicial notice of the 2022 treatment orders, and conclude that because D.K.A. was already subject to firearms restrictions, the court's finding in this case that federal firearms restrictions apply is not a lasting collateral consequence of the order being challenged on appeal. We conclude no actual controversy remains and the appeal is moot.

III

[¶7] The appeal is dismissed.

[¶8] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

3