# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 63

State of North Dakota,                                    Plaintiff and Appellant

v.

Leon Glenn Helland,                                      Defendant and Appellee

## No. 20240224

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Isaac O. Lees (argued) and Gabrielle J. Goter (on brief), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellant.

Alexander R. Grosz, Bismarck, ND, for defendant and appellee.

**Bahr, Justice.**

[¶1]   The State appeals from a district court judgment dismissing four counts of unlawful possession of a firearm against Leon Helland. On appeal, the State argues the court erred in considering evidence not in the record and in finding the State did not show probable cause for the charges. We affirm.

I

[¶2]   In March 2024, the State charged Helland with four counts of unlawful possession of a firearm, a class C felony, in violation of N.D.C.C. § 62.1-02-01(1)(b). Section 62.1-02-01(1)(b) reads, in relevant part:

> A person who . . . has been convicted of a class A misdemeanor offense involving violence or intimidation in violation of chapters 12.1-16 through 12.1-25 . . . *and the offense was committed while using or possessing a firearm* . . . is prohibited from owning a firearm or having one in possession from the date of conviction and continuing for five years after the date of conviction or the date of release from incarceration, parole, or probation, whichever is latest.

(Emphasis added.)

[¶3]   At the preliminary hearing, the State called the arresting officer who testified to the events leading up to the charges. The officer testified that on March 22, 2024, Helland was at a gas station and had a handgun in his waistband and two handguns and a shotgun in his vehicle. The officer further testified her records search revealed Helland was convicted of menacing in 2021, and the affidavit of probable cause in that case indicated Helland used or was in possession of a firearm during the events that formed the basis of the menacing charge. She further testified Helland's sentence in the menacing case included supervised probation, and that Helland was prohibited from possessing firearms for five years after his release from probation.

[¶4] On cross-examination, the officer admitted she did not review the charging document (amended information) in the menacing case; that she believed Helland was placed on supervised probation, not unsupervised probation; that she did not know Helland received a deferred imposition of sentence; and that she did not know Helland successfully completed the deferred imposition of sentence.

[¶5] The State did not offer any evidence other than the officer's testimony. Helland did not offer any evidence.

[¶6] During the preliminary hearing, Helland argued he successfully completed the deferred imposition of sentence for menacing, that the guilty plea was withdrawn, the case dismissed, and the record sealed. Thus, he argued, there was no conviction on his record that prevented him from possessing firearms. During the State's argument, the district court referenced and questioned the State about the amended information and the written plea agreement in the menacing case. Ultimately, the court reserved judgment and instructed the parties to submit briefs addressing whether the menacing case prohibited Helland from possessing a firearm "given the factual basis and the Amended Information [and] all of the things that were filed in that prior case."

[¶7] Both parties submitted post-hearing briefs. In its brief, the State asserted it is error for the district court "to consider extraneous information not presented to the court through testimony or notice and merely contained in defense counsel's argument in favor of dismissal, and to do so at the time of the preliminary hearing without proper notice, motion, or briefing." Helland provided three exhibits from the menacing case with his brief: the plea agreement, the amended information, and a transcript of the preliminary hearing. As part of the plea agreement, Helland admitted he committed the offense of menacing by attempting to place another human being in fear of imminent serious bodily injury. Neither the plea agreement nor the allegations in the amended information mention a firearm.

[¶8] The district court dismissed the unlawful possession of a firearm charges for lack of probable cause. After noting Helland's charges, the court stated, "The

2

question before the Court is whether the State is able to provide supplemental testimony regarding the element of 'the offense was committed while using or possessing a firearm' rather than have such fact proven or admitted to in a previous criminal action." The court explained the State offered testimony Helland "had a prior conviction for menacing in 2020 and the facts contained in the case's affidavit stated [Helland] used a firearm." But Helland "provided the Court a copy of the plea agreement in the case which shows he never admitted or was convicted of possessing a firearm when he committed the menacing." The court explained, "Nowhere else in the plea agreement or admissions by [Helland] does the allegation of a firearm appear. An affidavit is not a factual finding made by the Court. Therefore, the Court finds the record is clear, [Helland] was convicted of menacing, but not while using or possessing a firearm." The court stated "that providing supplemental testimony pertaining to whether [Helland] committed the menacing while using a firearm is insufficient—that the State was required to prove the conviction involved the use of a firearm." The court concluded "the State has failed to meet its burden of showing by probable cause that the Defendant had been convicted of an A misdemeanor offense involving the use of a firearm, as required under N.D.C.C. § 62.1-02-01(1)(b)."

II

[¶9] The State argues the district court erred in considering evidence not introduced at the probable cause hearing. The State's argument relates to court documents filed in Helland's menacing case. The State does not cite a single authority, rule, or case in support of its position. The State does not even identify the standard of review for this issue. *See* N.D.R.App.P. 28(b)(7)(B)(i) (stating an appellant's brief must contain, for each issue, "a concise statement of the applicable standard of review").

[¶10] Helland asserts the district court properly took judicial notice under N.D.R.Ev. 201. He further argues the State did not object to or dispute the facts the court took judicial notice of, nor request to be heard on the propriety of the court taking judicial notice. *See* N.D.R.Ev. 201(e) ("If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be

heard."). Helland does not cite or address the impact of N.D.R.Ev. 1101(d)(3)(C) on his argument. Except for rules relating to privilege, under Rule 1101(d)(3)(C) the rules of evidence do not apply to "preliminary examination in a criminal case." That necessarily includes Rule 201.

[¶11] Some courts have stated appellate and trial courts have inherent power to take judicial notice. *See, e.g., Eagan Econ. Dev. Auth. v. U-Haul Co. of Minn.*, 787 N.W.2d 523, 530 (Minn. 2010) (stating the court has inherent power to take judicial notice of public records where the orderly administration of justice commends it); *Gnecchi v. State*, 58 Wash.2d 467, 472, 364 P.2d 225 (1961) ("It is the function and inherent power of the court (whether it be trial or appellate) to take judicial notice of facts outside the record, provided they meet certain standards."). According to one commentator, "The taking of judicial notice of a fact outside [of] the record is part of the inherent power and function of every court, whether a trial or appellate tribunal." *Emerson v. State*, 880 S.W.2d 759, 765 (Tex. Crim. App. 1994) (quoting George R. Currie, *Appellate Courts Use of Facts Outside of the Record by Resort to Judicial Notice and Independent Investigation*, 1960 Wis.L.Rev. 39, 39).

[¶12] We hold a district court has inherent power to take judicial notice in a preliminary proceeding where the rules of evidence do not apply, provided certain standards are met. "We review a district court's decision to take judicial notice under an abuse of discretion standard." *Koon v. State*, 2023 ND 247, ¶ 11, 1 N.W.3d 593. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* (quoting *Orwig v. Orwig*, 2021 ND 33, ¶ 6, 955 N.W.2d 34). Our review of a district court's decision to take judicial notice in a preliminary hearing is informed by N.D.R.Ev. 201 and the case law interpreting Rule 201.

[¶13] Under N.D.R.Ev. 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The filings in Helland's menacing case could be accurately and readily determined

from the court's records and the accuracy of the court's records could not reasonably be questioned. Thus, the amended information and plea agreement in Helland's menacing case are the type of facts of which the district court could take judicial notice. *See Interest of D.K.A.*, 2024 ND 194, ¶ 6, 13 N.W.3d 133 (stating a court may take judicial notice of adjudicative facts accessible from the court's case management system); *In re J.C.*, 2007 ND 111, ¶ 9, 736 N.W.2d 451 (stating a court "may take judicial notice of orders in prior proceedings"); *In re Ests. of Kjorvestad,* 304 N.W.2d 83, 86 (N.D. 1981) (stating the probate and district court could take judicial notice of prior litigation).

[¶14] Under N.D.R.Ev. 201(c) and (d), a court "may take judicial notice on its own" "at any stage of the proceeding." Under Rule 201(e), "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Rule 201(e) further provides, "If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

[¶15] Here, the information charging Helland with four counts of unlawful possession of a firearm specifically identified the menacing case by case number and identified it as the predicate offense to the charges. During the State's argument in the preliminary hearing, the district court referenced and questioned the State about the amended information and the written plea agreement in the menacing case. The court also instructed the parties to file post-hearing briefs addressing the issue "given the factual basis and the Amended Information [and] all of the things that were filed in that prior case." The court's questions and instruction evidenced it was considering the court records in the menacing case. The State did not object to the court doing so at that time. The State did object to the court considering "extraneous information not presented to the court through testimony or notice" in its post-hearing brief. The State did not request to be heard on the propriety of the court taking judicial notice after the court issued its order holding the State failed to show probable cause.

[¶16] We hold the district court did not abuse its discretion by taking judicial notice of the amended information and plea agreement in the menacing case under the facts of this case. The information incorporated the menacing case by

reference, relying on it as the predicate offense. *Cf. Krile v. Lawyer*, 2022 ND 28, ¶ 11, 970 N.W.2d 150 ("The district court may consider the pleadings, materials embraced by the pleadings, and materials that are part of the public record in deciding a motion to dismiss under N.D.R.Civ.P. 12(b)(6)."); *Bala v. Stenehjem*, 671 F.Supp.2d 1067, 1076 (D.N.D. 2009) (stating a court may consider materials "necessarily embraced by the pleadings and exhibits attached to the complaint." (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). The accuracy of the court's records are verifiable and cannot reasonably be questioned. Finally, the State did not object to the court considering the records at the preliminary hearing or request to be heard on the propriety of the court taking judicial notice of the records after it did so. *See Hadland v. Schroeder*, 326 N.W.2d 709, 713 (N.D. 1982) (stating the court did not commit error when it took judicial notice on its own and neither party objected after "the court delivered its memorandum decision and, therefore, had an opportunity to object"). Although it would have been best for the court to state it was taking judicial notice of the court records and provide the parties the opportunity to object, under the specific facts of this case and arguments presented, we conclude the district court did not abuse its discretion by considering its own records in a case cited in the information as the basis for the charged offenses.

III

[¶17] The State argues the district court erred in not finding probable cause to support the four counts of unlawful possession of a firearm. The State requests this Court reverse the judgment and remand the case for trial.

A

[¶18] We review the dismissal of a criminal complaint under an abuse of discretion standard. *State v. Carrillo*, 2021 ND 239, ¶ 13, 968 N.W.2d 134. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id*. (quoting *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597).

[¶19] Preliminary hearings are governed by N.D.R.Crim.P. 5.1. "A preliminary hearing serves as a screening tool to determine whether probable cause exists."

*State v. Brown*, 2021 ND 226, ¶ 7, 967 N.W.2d 797. "[P]robable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Carrillo*, 2021 ND 239, ¶ 15 (quoting *State v. Mitchell*, 2021 ND 93, ¶ 6, 960 N.W.2d 788).

[¶20] The State has the burden of proof in a preliminary hearing. *State v. Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Carrillo*, 2021 ND 239, ¶ 15 (quoting *Blunt*, ¶ 15). "The probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is a minimal burden of proof." *Brown*, 2021 ND 226, ¶ 7 (quoting *State v. Gratton*, 2020 ND 41, ¶ 9, 938 N.W.2d 902) (cleaned up).

[¶21] The North Dakota Rules of Evidence do not apply to preliminary hearings on criminal matters. N.D.R.Ev. 1101(d)(3)(C). "The finding of probable cause may be based on hearsay evidence in whole or in part." N.D.R.Crim.P. 5.1(a); *see also Brown*, 2021 ND 226, ¶ 7 (stating the finding of probable cause may be based on hearsay and other evidence that would be inadmissible at trial).

B

[¶22] The district court concluded "that providing supplemental testimony pertaining to whether [Helland] committed the menacing while using a firearm is insufficient—that [under N.D.C.C. § 62.1-02-01(1)(b)] the State was required to prove the conviction involved the use of a firearm." Thus, the issue presented is whether the use or possession of a firearm in committing the predicate offense under section 62.1-02-01(1)(b) had to be proven or admitted to in the predicate criminal action.

[¶23] The district court's interpretation of N.D.C.C. § 62.1-02-01(1)(b) is a question of law, which we review de novo. *State v. Riggin*, 2021 ND 87, ¶ 7, 959 N.W.2d 855; *State v. Craig*, 2019 ND 123, ¶ 3, 927 N.W.2d 99. "Our primary goal in statutory interpretation is to determine the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning." *Henry Hill Oil Servs. LLC v. Tufto*, 2023 ND 41, ¶ 10, 987

N.W.2d 314; *see also* N.D.C.C. § 1-02-02. "In construing statutes, we consider the context of the statutes and the purposes for which they were enacted." *State v. McCleary*, 2025 ND 24, ¶ 8, 16 N.W.3d 445 (quoting *State v. Nupdal*, 2021 ND 200, ¶ 5, 966 N.W.2d 547).

[¶24] For a conviction under N.D.C.C. § 62.1-02-01(1)(b), the statute's plain language as it relates to this case requires: (1) Helland has a conviction; (2) the conviction be a class A misdemeanor offense; (3) the offense involved violence or intimidation; (4) the offense is codified in N.D.C.C. chs. 12.1-16 through 12.1-25; (5) "*the offense was committed while using or possessing a firearm*"; and (6) the date of conviction or release from incarceration, parole, or probation, whichever is later, was within five years. Significantly, the fifth element is that the predicate offense "was committed while using or possessing a firearm," not that an element of the offense required the use or possession of a firearm or that the conviction was based on the use or possession of a firearm. The plain language of section 62.1-02-01(1)(b) only requires the individual used or possessed a firearm when the predicate offense was committed.

[¶25] *United States v. Hayes*, 555 U.S. 415, 129 S.Ct. 1079 (2009), supports this conclusion. In *Hayes*, law enforcement charged the defendant with possessing firearms under 18 U.S.C. §§ 922(g)(9) and 924(a)(2) after discovering he had a predicate misdemeanor crime of domestic violence. *Id.* at 418-19. The predicate misdemeanor crime was a conviction for battery in violation of West Virginia law involving the defendant's then-wife. *Id.* at 419. The defendant moved to dismiss, asserting his "battery conviction did not qualify as a predicate offense under § 922(g)(9)" because the statute for battery did not require a domestic relationship as an element of the crime. *Id.*

[¶26] A person convicted of a "misdemeanor crime of domestic violence" is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(9). The Supreme Court explained the definition for a "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A) imposes two requirements: first, the offense must have been committed with "the use or attempted use of physical force, or the threatened use of a deadly weapon." *Hayes*, 555 U.S. 415, 420-21. Second, the

defendant must have a domestic relationship with the victim. *Id*. at 421. The Supreme Court explained:

> The question here is whether the language of § 921(a)(33)(A) calls for a further limitation: Must the statute describing the predicate offense include, as a discrete element, the existence of a domestic relationship between offender and victim? In line with the large majority of the Courts of Appeals, we conclude that § 921(a)(33)(A) does not require a predicate-offense statute of that specificity. Instead, in a § 922(g)(9) prosecution, it suffices for the Government to charge and prove a prior conviction that was, in fact, for "an offense … committed by" the defendant against a spouse or other domestic victim.

*Id*. Similarly, N.D.C.C. § 62.1-02-01(1)(b) only requires a firearm was used or possessed during the commission of the predicate offense, not that the use or possession of a firearm was an element of the predicate offense.

[¶27] When interpreting a statute, we construe the statute "in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *Henry Hill Oil Servs.*, 2023 ND 41, ¶ 10. Section 62.1-02-01(1)(b), N.D.C.C., applies to class A misdemeanor offenses "involving violence or intimidation in violation of chapters 12.1-16 through 12.1-25[.]" Chapters 12.1-16 through 12.1-25 appear to include only one class A misdemeanor offense involving violence or intimidation that requires, as an element, the use of a firearm. *See* N.D.C.C. § 12.1-17-01.1 (providing assault is "a class A misdemeanor, except if the victim is under the age of twelve years in which case the offense is a class C felony," when the person "[n]egligently causes substantial bodily injury to another human being by means of a *firearm*, destructive device, or other weapon, the use of which against a human being is likely to cause death or serious bodily injury.").[1] It is impractical to construe the

---

[1] Although N.D.C.C. § 12.1-17-01 provides a person is guilty of simple assault when the person "[n]egligently causes bodily injury to another human being by means of a *firearm*, destructive device, or other weapon, the use of which against a human being is likely to cause death or

statute's reference to offenses "involving violence or intimidation in violation of chapters 12.1-16 through 12.1-25" to only apply to one offense. If the legislature only intended the language to apply to one offense, there would be no reason to refer to multiple chapters of the Century Code. Moreover, limiting application of the language to a single offense would not serve the purpose for which the statute was enacted.

[¶28] We conclude the requirement in N.D.C.C. § 62.1-02-01(1)(b) that the predicate misdemeanor offense be "committed while using or possessing a firearm" does not require the use or possession of a firearm be an element of the predicate offense. We further conclude the requirement in section 62.1-02-01(1)(b) that the predicate misdemeanor offense be "committed while using or possessing a firearm" does not require the use or possession of the firearm in committing the predicate offense be proven or admitted to in the predicate criminal action. Rather, in a prosecution under section 62.1-02-01(1)(b), the State has the burden to prove the defendant used or possessed a firearm when the defendant committed the predicate offense.

[¶29] Here, at the preliminary hearing, the officer testified that in 2021 Helland was convicted of menacing. When questioned whether she saw Helland received a deferred imposition of sentence, the officer testified, "No." When questioned whether she saw Helland successfully completed his deferred imposition of sentence, the officer responded, "No, I didn't see that." No evidence was presented at or after the hearing that Helland received a deferred imposition of sentence and completed that sentence.[2] Thus, the State presented sufficient evidence at the preliminary hearing Helland "has been convicted" and the date

_____

serious bodily injury." Simple assault cannot be a predicate offense under N.D.C.C. § 62.1-02-01(1)(b) because simple assault is a class B misdemeanor. N.D.C.C. § 12.1-17-01.

[2] The plea agreement submitted by Helland with his post-hearing brief does not show whether the Morton County district court accepted the plea agreement, whether Helland successfully completed any imposed probation, or whether the court eventually dismissed the menacing charge.

of conviction was within five years, meeting the first and sixth elements under N.D.C.C. § 62.1-02-01(1)(b).

[¶30] Menacing is a class A misdemeanor offense involving intimidation. N.D.C.C. § 12.1-17-05 (providing a person is guilty of menacing if the person "knowingly places or attempts to place another human being in fear by menacing him with imminent serious bodily injury"). And the offense of menacing is codified within N.D.C.C. chs. 12.1-16 through 12.1-25. Thus, the State presented sufficient evidence at the preliminary hearing to meet the second, third, and fourth elements under N.D.C.C. § 62.1-02-01(1)(b).

[¶31] At the preliminary hearing, the officer testified the affidavit of probable cause in the menacing case indicated the offense was committed while using a firearm. The officer's testimony was sufficient to indicate Helland likely used or possessed a firearm during the commission of his menacing conviction, meeting the fifth element under N.D.C.C. § 62.1-02-01(1)(b). Although that portion of the officer's testimony may have been inadmissible at trial, a finding of probable cause may be based on hearsay and other evidence that would be inadmissible at trial. N.D.R.Crim.P. 5.1(a); N.D.R.Ev. 1101(d)(3)(C); *Brown*, 2021 ND 226, ¶ 7.

[¶32] We conclude the district court abused its discretion in dismissing the case because it misinterpreted N.D.C.C. § 62.1-02-01(1)(b), causing it to erroneously conclude the State failed to meet its burden of showing probable cause Helland had been convicted of an A misdemeanor offense committed while "using or possessing" a firearm as required under section 62.1-02-01(1)(b).

11

# IV

[¶33] Helland argues he no longer has a menacing conviction because he successfully completed his probation, withdrew his guilty plea, and the district court dismissed the case and sealed the record. Thus, he argues, there is no predicate conviction to support the unlawful possession of a firearm charges. He asserts the court erred by not addressing whether he had a conviction and requests this Court address the issue. The State responds that a dismissed deferred imposition of sentence constitutes a conviction under N.D.C.C. § 62.1-02-01(2).

[¶34] Helland did not provide evidence to the district court whether or when the court dismissed the menacing case. The plea agreement shows Helland agreed to plead guilty on the condition he receive a deferred imposition of sentence; the plea agreement does not show whether the court accepted the plea agreement, whether Helland successfully completed any imposed probation, or whether the court eventually dismissed the menacing conviction. To confirm there is an actual case or controversy, we take judicial notice of the Morton County district court order showing the court dismissed Helland's menacing conviction in February 2023, over a year before he is alleged to have unlawfully possessed the firearms. *See Interest of D.K.A.*, 2024 ND 194, ¶ 6 (taking judicial notice of party's prior firearms prohibition because it is an adjudicative fact that is not subject to reasonable dispute and can be accurately and readily determined from the district court's orders in a prior case); *Eubanks v. Fisketjon*, 2021 ND 124, ¶ 11, 962 N.W.2d 427 (taking judicial notice that a party "pled guilty to disorderly conduct, a charge the [district] court incorrectly characterized as simple assault in its analysis"); *Wisnewski v. Wisnewski*, 2020 ND 148, ¶ 18, 945 N.W.2d 331 (taking judicial notice that a domestic violence protection order had been extended); *Patten v. Green*, 397 N.W.2d 458, 459 (N.D. 1986) (taking "judicial notice of the record in the divorce action and the opinions issued in related cases that were appealed to this Court").

A

[¶35] The district court did not address the deferred imposition of sentence issue because it dismissed the case on the ground the State did not show probable cause. The court did not err by not opining on this issue when it dismissed the case on another ground.

[¶36] That the district court did not address whether Helland still has a menacing conviction does not render the issue moot. As we stated in *Powell v. Statoil Oil & Gas LP*, 2023 ND 235, ¶ 9, 999 N.W.2d 203, "The court's refraining from ruling on the issue does not render the issue moot. Otherwise, the court could unilaterally moot any issue by not ruling on the issue." "Nor is the issue academic or raising an abstract legal question." *Id.* "By raising this issue in the district court, [Helland] is permitted, as the appellee, to argue it again on appeal." *Kalvoda v. Bismarck Pub. Sch. Dist. #1*, 2011 ND 32, ¶ 14, 794 N.W.2d 454. "An appellee is entitled to attempt to save a judgment by urging any ground asserted in the district court, regardless of whether a cross-appeal is filed." *Powell*, ¶ 9.

[¶37] Helland requests affirmance of the judgment on grounds he asserted at the district court. Because he is not requesting a more favorable result on appeal, he was not required to cross-appeal. *Powell*, 2023 ND 235, ¶ 9; *see also Kalvoda*, 2011 ND 32, ¶ 14 ("A cross-appeal is necessary only if the appellee seeks a more favorable result on appeal than it received in the district court."); *Tkach v. Am. Sportsman, Inc.*, 316 N.W.2d 785, 788 (N.D. 1982) ("In the absence of a cross-appeal, the appellee may only seek affirmance of the judgment, and may not seek a more favorable result on appeal than he received in the trial court."). The issue he raises is also a purely legal issue. *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2021 ND 62, ¶ 16, 958 N.W.2d 128 (declining to address alternative ground for affirmance because it is not clear it is a purely legal issue). We therefore consider Helland's argument and decide whether his completion of the deferred imposition of sentence means there is no conviction prohibiting him from possessing a firearm.

B

[¶38] Resolution of whether Helland has a qualifying predicate conviction under N.D.C.C. § 62.1-02-01(1)(b) involves interpretation of several statutes. When possible, this Court interprets related statutory provisions together to harmonize and to give meaning to each provision. *Kroschel v. Levi*, 2015 ND 185, ¶ 18, 866 N.W.2d 109. Also, section 62.1-02-01(1)(b) is a penal statute. "Criminal statutes are strictly construed in favor of the defendant and against the government." *State v. Beciraj,* 2003 ND 173, ¶ 14, 671 N.W.2d 250. Thus, in interpreting penal statutes, we resolve any doubt in favor of the criminal defendant. *State v. Rohrich*, 450 N.W.2d 774, 776-77 (N.D. 1990).

[¶39] "Under N.D.C.C. § 12.1-32-02(4), a court may defer imposition of a sentence and place a defendant on probation during the deferment period." *State v. Ebertz*, 2010 ND 79, ¶ 6, 782 N.W.2d 350. "Section 12.1-32-07.1, N.D.C.C., gives a court the authority to dismiss a case when a deferred imposition of sentence has been ordered and the defendant has fulfilled the conditions of probation or has been discharged from probation." *Id.* ¶ 9. If the court dismisses the case, "[t]he defendant must then be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted except as provided by sections 12.1-32-15 and 62.1-02-01." N.D.C.C. § 12.1-32-07.1(2).

[¶40] "Rule 32.1, N.D.R.Crim.P., sets out the requirements for orders deferring the imposition of a sentence for an infraction or a misdemeanor[.]" *Ebertz*, 2010 ND 79, ¶ 7. "Under the requirements of N.D.R.Crim.P. 32.1, a case is automatically dismissed sixty-one days after a defendant's probation has ended, unless the court has ordered otherwise before that date." *Id.* ¶ 12.

[¶41] Under N.D.C.C. § 62.1-02-01(1)(b), a person is prohibited from owning or possessing a firearm within five years of his conviction when the person "has been convicted of a class A misdemeanor offense involving violence or intimidation in violation of chapters 12.1-16 through 12.1-25[.]" The statute provides a broad definition of "conviction":

14

2. For the purposes of this section, "conviction" means a determination that the person committed one of the above-mentioned crimes upon a verdict of guilt, a plea of guilty, or a plea of nolo contendere even though:

. . .

b. The court deferred imposition of sentence in accordance with subsection 4 of section 12.1-32-02[.]

N.D.C.C. § 62.1-02-01(2)(b). Under the plain language of section 62.1-02-01(2)(b), a "conviction" includes a qualifying predicate offense where the court imposed a deferred imposition of sentence. However, this Court has explained the difference between the imposition of a deferred imposition of sentence and the court setting aside the conviction and dismissing the charge.

[¶42] In *State v. Nelson*, 2019 ND 204, ¶ 6, 932 N.W.2d 101, we considered "whether the mandatory minimum sentence under N.D.C.C. § 12.1-32-02 can be triggered by a completed deferred sentence." We discussed the language in section 12.1-32-02(4) that "the prior conviction for which imposition of sentence is deferred may be pleaded and proved[.]" *Id.* ¶ 10. We concluded "the phrase 'the prior conviction for which imposition of sentence is deferred' refers to a deferred sentence that has not been dismissed." *Id.* ¶ 11. We held "the court could not consider [the defendant's] previous conviction because it had been dismissed and the court erred by using the dismissed case to trigger the mandatory minimum sentence." *Id.* "Had the prior offense not yet been dismissed," we explained, "the State would then have been entitled to an opportunity to 'plead and prove' the prior conviction under N.D.C.C. § 12.1-32-02(4). However, once a case is dismissed, the State may not plead and prove a previous conviction." *Id.*

[¶43] In *State v. Johns*, 2019 ND 227, ¶ 1, 932 N.W.2d 893, we addressed whether a deferred imposition of sentence that has been dismissed can be used for sentence enhancement purposes under N.D.C.C. § 19-03.4-03(2). We explained, "The language of N.D.C.C. § 19-03.4-03(2), authorizes enhancement for unlawful possession of drug paraphernalia '[i]f a person previously has been convicted of an offense under this title, other than an offense related to marijuana.'" *Id.* ¶ 16. We held that language "refers to a conviction for a deferred sentence that has not

15

been dismissed." *Id.* Because the defendant's prior case had been dismissed, we concluded the district court could not consider the defendant's prior conviction to enhance the charge. *Id.*

[¶44] Under N.D.C.C. § 62.1-02-01(2)(b), a "conviction" includes a deferred imposition of sentence. A deferred imposition of sentence no longer exists when the court sets aside the conviction and dismisses the information. We conclude section 62.1-02-01(2)(b), when read together with N.D.C.C. §§ 12.1-32-02(4) and 12.1-32-07.1 and our decisions in *Nelson* and *Johns*, refers to a conviction for a deferred imposition of sentence that has not been dismissed.

[¶45] We acknowledge this interpretation of N.D.C.C. § 62.1-02-01(2)(b) does not give meaning and effect to every word, phrase, and sentence of N.D.C.C. § 12.1-32-07.1(2). *Nupdal*, 2021 ND 200, ¶ 5. The language "except as provided by sections 12.1-32-15 and 62.1-02-01" in section 12.1-32-07.1(2) indicates an exception to the defendant being "released from all penalties and disabilities resulting from" a dismissed deferred imposition of sentence. However, section 12.1-32-07.1(2) references section 62.1-02-01, which in no way creates such an exception. As previously explained, section 62.1-02-01(2)(b) simply confirms a "conviction" includes a deferred imposition of sentence, not a dismissed case where a deferred imposition of sentence was initially imposed. To the extent section 12.1-32-07.1(2) may appear in conflict with section 62.1-02-01(2)(b), we construe the statutes against the State and in favor of Helland. *Beciraj,* 2003 ND 173, ¶ 14; *Rohrich,* 450 N.W.2d at 776.

[¶46] Under N.D.R.Crim.P. 32.1, the Morton County district court set aside Helland's conviction for menacing and dismissed the case more than a year before Helland allegedly unlawfully possessed the firearms. Because the deferred imposition of sentence for menacing had been set aside, it could not be a predicate offense for the charges under N.D.C.C. § 62.1-02-01(1)(b). Although the district court dismissed the case on a different ground, we affirm the dismissal on the alternative legal ground raised by Helland to the district court and this Court.

[¶47] We affirm the district court's judgment dismissing the four counts of unlawful possession of a firearm against Helland.

[¶48] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr